T.C. Memo. 2001-296


UNITED STATES TAX COURT


BRUCE AND JUDY BAILEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3293-00.                    Filed November 7, 2001.


Bruce and Judy Bailey, pro se.

<u>Christine V. Olsen</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies of $12,094

and $11,651 in petitioners' Federal income tax for 1996 and 1997,

respectively.  After concessions, the remaining issues for

decision are:  (1) Whether petitioner Judy Bailey (petitioner)

was a real estate professional under section 469(c)(7) during

1997 and (2) whether petitioners materially participated in the operation of their Lake Arrowhead property during 1996 and 1997.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.

Petitioners resided in La Jolla, California, at the time they filed their petition. Petitioners filed joint individual income tax returns for 1996 and 1997.

Petitioners are both attorneys admitted to practice in California. Petitioner is an employee of Judy R. Bailey, a professional corporation, and practices in San Diego, California.

During 1996 and 1997, petitioners owned the following real estate properties, all of which were located in California: (1) A condominium located at Arapaho Way, Indian Wells (Indian Wells condominium); (2) a unit in a planned unit development located at Arapaho Drive, Indian Wells (Indian Wells unit); (3) two four-plex buildings located at Elderwood Court, Riverside (Elderwood properties); and (4) a single-family house located at Caribou Drive, Lake Arrowhead (Lake Arrowhead property). Petitioners filed an election, with their income tax return in

1994, to treat all interests in rental real estate as a single rental real estate activity pursuant to section 469(c)(7)(A).

Petitioner kept daily calendars for 1996 and 1997 that contained various appointments related to her law practice and real estate activities. In preparation for trial, petitioner prepared a separate summary report of her calendars for 1996 and 1997. Each summary report provided an estimate of the total number of hours spent on activities related to each rental property and gave a general description of the activities performed by petitioner. The summary report also provided a general list of the legal activities performed by petitioner and estimated that she spent 876 hours in the practice of law in 1997.

Indian Wells Properties

Petitioner estimated that in 1997 she spent approximately 311 hours on activities related to the Indian Wells properties. Petitioner summarized her activities for 1997 as "re-rented, cleaned, did gardening, showed property to prospective renters, inspected repairmen's work". She also "started [the] process to sell by drawing up option[s] to purchase for prospective buyers [and] holding open houses." Petitioner's 1997 calendar indicates that she made 13 visits to the Indian Wells properties, 7 of which were in conjunction with matters relating to her law practice.

Petitioner had a commission agreement with Shirley Baughan and Associates to handle the rental of the Indian Wells condominium. The Indian Wells condominium was rented to a tenant from January 1 through 31, 1997, and to another tenant from February through December 1997. The residential lease agreement directed the tenants to remit their rent to Shirley Baughan's address. Shirley Baughan and Associates collected the rent payments, paid itself the agreed commission, reimbursed itself for expenses and repairs related to the rental property, and issued a check for the remaining amount to petitioners. Some of the expenses paid by Shirley Baughan and Associates were for shower parts, a water hose, a dryer vent hose, labor, the water bill, and keys. Petitioners deducted the commission expense that they paid to Shirley Baughan and Associates in the amount of $1,367 on Schedule E, Supplemental Income and Loss, of their 1997 joint income tax return.

Petitioners reported the rents received and expenses from the Indian Wells properties on Schedule E of their 1997 joint income tax return as follows:

|  | Indian Wells Condominium | Indian Wells Unit | Total |
| --- | --- | --- | --- |
| Rents received | $13,805 | $10,900 | $24,705 |
| Less: Expenses | 29,255 | 10,487 | 39,742 |
| Income/(Loss) | (15,450) | 413 | (15,037) |

Elderwood Properties

Petitioner estimated that in 1997 she spent approximately 412 hours on activities related to the Elderwood properties. During 1997, the Elderwood properties were vacant, and petitioner conducted open houses to sell the Elderwood properties. Petitioner summarized her activities for 1997 as "arranged for repairs, did gardening and cleaning and inspected properties on a regular basis."  Petitioner encountered several problems with the Elderwood properties in 1997 such as roof leaks that damaged the painting and carpeting, vandalism, trespassing by neighborhood children, and the eviction of a homeless person.  Petitioner made nine visits to the Elderwood properties, five of which were in conjunction with matters relating to her law practice.

Petitioners reported the rents received and expenses from the Elderwood properties on Schedule E of their 1997 joint income tax return as follows:

|  | Elderwood 4-plex #1 | Elderwood 4-plex #2 | Total |
|---|---|---|---|
| Rents received | $-0- | $-0- | $-0- |
| Less:  Expenses | 11,227 | 7,837 | 19,064 |
| Income/(Loss) | (11,227) | (7,837) | (19,064) |

Lake Arrowhead Property

Petitioner estimated that she spent 197.5 hours and 214 hours in 1996 and 1997, respectively, on activities related to the Lake Arrowhead property.  The average period of customer use for the Lake Arrowhead property was 5 days per customer and 3.86

days per customer during 1996 and 1997, respectively. In 1996, petitioner supervised the repairmen and contractors, made selections and supervised interior design work, purchased household furnishings and supplies, and cleaned the property. Petitioner summarized her activities for 1997 as "re-rented, cleaned, gardening, showed property to prospective renters, inspected repairmen's work" and "started process to sell by holding open houses". In 1996, petitioner made 10 visits to the Lake Arrowhead property, 9 of which were in conjunction with matters relating to her law practice. In 1997, petitioner made three visits to the Lake Arrowhead property, two of which were in conjunction with matters relating to her law practice.

Petitioner had a commission agreement with Mountain Country Realty, Inc. (Mountain Country), to handle the rental of the Lake Arrowhead property during 1996 and 1997. Mountain Country located renters and showed the property to prospective renters. Mountain Country collected the rent payments, paid itself the agreed commission, reimbursed itself for expenses and repairs related to the rental property, and issued a check for the remaining amount to petitioners. Mountain Country handled the repairs related to the Lake Arrowhead property. Petitioners deducted the commission expenses paid to Mountain Country in the amounts of $2,471 and $1,881 in 1996 and 1997, respectively, on Schedule E of their joint income tax return.

Petitioners reported the rents received and expenses from the Lake Arrowhead property on Schedule E of their 1996 and 1997 joint income tax return as follows:

|  | 1996 | 1997 |
|---|---|---|
| Rents received | $9,855 | $9,935 |
| Less: Expenses | 18,861 | 16,361 |
| Income/(Loss) | (9,006) | (6,426) |

Notice of Deficiency

The notice of deficiency dated December 14, 1999, informed petitioners that the deficiency amounts determined by the Commissioner were based on the following adjustments to income: (1) "Rental Loss" of $38,722 and $40,527 disallowed in 1996 and 1997, respectively; (2) "Exemptions" reduced by $1,122 and $1,696 for 1996 and 1997, respectively; and (3) "Itemized Deductions" reduced by $1,936 and $2,027 for 1996 and 1997, respectively.

OPINION

The parties have stipulated that petitioner was a real estate professional pursuant to section 469(c)(7) in 1996 and that petitioners are entitled to deduct $29,716 in rental losses in 1996 with respect to the Indian Wells properties and Elderwood properties.

Whether the remaining rental losses claimed by petitioners in 1996 and 1997 constitute passive activity losses under section 469 depends on: (1) Whether petitioner was a real estate professional under section 469(c)(7) during 1997 and (2) whether

petitioners materially participated in the operation of their Lake Arrowhead property during 1996 and 1997.

Section 469 generally disallows for the taxable year any passive activity loss. Sec. 469(a). A passive activity loss is defined as the excess of the aggregate losses from all passive activities for the taxable year over the aggregate income from all passive activities for that year. Sec. 469(d)(1). A passive activity is any trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1). Rental activity is treated as a per se passive activity regardless of whether the taxpayer materially participates. Sec. 469(c)(2), (4). Under section 469(c)(7)(B), the rental activities of a taxpayer in the real property business (real estate professional) are not per se passive activities under section 469(c)(2), but are treated as a trade or business and subject to the material participation requirement of section 469(c)(1). See also sec. 1.469-9(e)(1), Income Tax Regs.

Real Estate Professional

Petitioners assert that they are entitled to deduct their rental losses in 1997 and that such losses are not subject to the passive activity loss limitations under section 469. Petitioners contend that petitioner qualifies as a real estate professional under section 469(c)(7) for 1997, and, thus, their rental

activities are exempt from being passive activities under section 469(c)(2).

Respondent's position is that petitioners are not entitled to deduct their rental losses in 1997 because their rental activities are passive activities under section 469(c)(2). Respondent maintains that petitioners have not presented adequate evidence to support their assertion that petitioner was a real estate professional pursuant to section 469(c)(7) in 1997.

Under section 469(c)(7)(B), a taxpayer qualifies as a real estate professional and a rental real estate activity of the taxpayer is not a passive activity under section 469(c)(2) if:

(i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and

(ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

In the case of a joint return, the above requirements are satisfied if and only if either spouse separately satisfied these requirements.  Sec. 469(c)(7)(B).  Thus, if either spouse qualifies as a real estate professional, the rental activities of the real estate professional are exempt from being a passive activity under section 469(c)(2).  Instead, the real estate professional's rental activities would be treated as a passive activity under section 469(c)(1) unless the taxpayer materially

participated in the activity.  Sec. 1.469-9(e)(1), Income Tax Regs.

For purposes of determining whether a taxpayer is a real estate professional, a taxpayer's material participation is determined separately with respect to each rental property, unless the taxpayer makes an election to treat all interests in rental real estate as a single rental real estate activity.  Sec. 469(c)(7)(A); sec. 1.469-9(e)(1), Income Tax Regs.  Here, petitioners made an election in 1994 to treat their rental properties as a single activity.  According to section 1.469-9(g)(1), Income Tax Regs., this election is binding for the taxable year in which it is made and, unless duly revoked by the taxpayer, for all future years in which the taxpayer is a real estate professional, even if there are intervening years in which the taxpayer is not a real estate professional.

Whether petitioner qualifies as a real estate professional under section 469(c)(7) is based on petitioner's activities related to the Indian Wells condominium, Indian Wells unit, and Elderwood properties.  Petitioners argue that the Lake Arrowhead property is rental real estate that should be included in determining whether petitioner is a real estate professional.  We disagree.

Petitioner's activities that are related to the Lake Arrowhead property are disregarded for purposes of determining

whether she was a real estate professional, because the Lake Arrowhead property is not "rental real estate" as defined in section 1.469-9(b)(3), Income Tax Regs.  Section 1.469-9(b)(3), Income Tax Regs., defines "rental real estate" as "any real property used by customers or held for use by customers in a rental activity within the meaning of section 1.469-1T(e)(3)." Section 1.469-1T(e)(3), Temporary Income Tax Regs., 53 Fed. Reg. 5702 (Feb. 25, 1988), states that, except as otherwise provided, an activity is a "rental activity" for a taxable year, if "during such taxable year, tangible property held in connection with the activity is used by customers or held for use by customers".  See also sec. 469(j)(8).  As provided in section 1.469-1T(e)(3)(ii)(A), Temporary Income Tax Regs., supra, an "activity involving the use of tangible property is not a rental activity for a taxable year if for such taxable year * * * [the] average period of customer use for such property is seven days or less".

The average period of customer use for the Lake Arrowhead property was less than 7 days during 1996 and 1997.  Thus, the rental of the Lake Arrowhead property is not a "rental activity" as defined in section 1.469-1T(e)(3)(ii)(A), Temporary Income Tax Regs., supra, not "rental real estate" under section 1.469-9(b)(3), Income Tax Regs., and not included in the election under section 469(c)(7) to treat all interests in rental real estate as a single rental real estate activity.  See Scheiner v.

Commissioner, T.C. Memo. 1996-554 (where average period of customer use less than 7 days, condominium hotel activity was not rental activity under section 469(j)(8) and not considered a passive activity under section 469(c)(2)); Mordkin v. Commissioner, T.C. Memo. 1996-187.

Respondent maintains that petitioner is not a real estate professional for 1997 because:  (1) Petitioners have not substantiated through a reasonable means that petitioner performed more than 750 hours of service in relation to her rental activities and (2) petitioner's personal services performed in her rental activities during 1997 do not exceed the 876 hours that she spent in her practice of law.

With respect to the evidence that may be used to establish hours of participation, section 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988), provides:

> The extent of an individual's participation in an activity may be established by any reasonable means. Contemporaneous daily time reports, logs, or similar documents are not required if the extent of such participation may be established by other reasonable means.  Reasonable means for purposes of this paragraph may include but are not limited to the identification of services performed over a period of time and the approximate number of hours spent performing such services during such period, based on appointment books, calendars, or narrative summaries.

Petitioner kept a daily calendar for 1997 that indicated the number of visits made to the rental properties, but the calendar did not quantify the number of hours that she spent on her rental

activities. Petitioner attempted to summarize the activities that were noted in her 1997 calendar into a summary report, in which she generally explained the activities performed at the rental properties and provided an annual estimate of the hours spent on each rental property. Excluding petitioner's estimate of the hours that she spent on activities directly related to the Lake Arrowhead property, petitioner's summary report estimated that she spent 827 hours performing services related to the rental properties during 1997 and consisted of the following: (1) Indian Wells properties, 311 hours; (2) Elderwood properties, 412 hours; and (3) general activities for all real estate properties (including the Lake Arrowhead property), 104 hours. We believe that the methods that petitioner used to approximate the time that she spent performing these services during 1997 are not reasonable within the meaning of section 1.469-5T(f)(4), Temporary Income Tax Regs., supra. Petitioner's estimates are uncorroborated and do not reliably reflect the hours that she devoted to her rental real estate activities. Petitioner assigned hours to activities years later, and in preparation for trial, based solely on her judgment and experience as to how much time the activities must have taken her. This Court has previously noted that, while the regulations are somewhat ambivalent concerning the records to be maintained by taxpayers, they do not allow a postevent "ballpark guesstimate". Carlstedt

v. Commissioner, T.C. Memo. 1997-331; Speer v. Commissioner, T.C. Memo. 1996-323; Goshorn v. Commissioner, T.C. Memo. 1993-578. Petitioner has not distinguished the facts of this case from those cited, and we conclude that they are not distinguishable.

The following factors further diminish the credibility and accuracy of the summary report prepared by petitioner: (1) The number of hours claimed appears excessive in relation to the tasks described; (2) petitioner testified that she usually combined a trip to the rental properties with a trip related to her law practice; (3) the Elderwood properties were vacant during 1997; (4) the Elderwood properties and Indian Wells properties were for sale during 1997; and (5) petitioner had a commission agreement with Shirley Baughan and Associates to manage the rental of the Indian Wells condominium during 1997.

Additionally, petitioner's personal services performed in her rental activities of 827 hours do not exceed the 876 hours that she spent in 1997 in her practice of law. Petitioner therefore does not qualify as a real estate professional under section 469(c)(7), and the rental activities of the Indian Wells properties and Elderwood properties are passive activities under section 469(c)(2) during 1997 regardless of material participation by petitioner in these activities. See sec. 469(c)(4).

## Lake Arrowhead Property

Respondent maintains that petitioners are not entitled to deduct losses generated from their Lake Arrowhead property in 1996 and 1997, because the Lake Arrowhead property is real estate held in a trade or business subject to section 469(c)(1), rather than a rental activity under section 469(c)(2), and petitioners have not established that they materially participated in the trade or business of renting their Lake Arrowhead property as required by section 469(c)(1)(B).

Petitioners argue that they properly filed an election pursuant to section 469(c)(7)(A)(ii) to treat all of their interests in rental real estate as a single rental real estate activity and that their activities related to the rental of their Lake Arrowhead property should be considered in aggregate with their other rental properties.  As previously explained, petitioners' argument fails because the election to treat all rental properties as one activity is limited to the purpose of determining whether a taxpayer is a real estate professional under section 469(c)(7).  Here, the average period of use of the Lake Arrowhead property was less than 7 days in 1996 and 1997; thus, the rental of the Lake Arrowhead property is not a rental activity as defined in section 469(j)(8) and is not a passive activity under section 469(c)(2).  See <u>Scheiner v. Commissioner</u>, <u>supra</u>; <u>Mordkin v. Commissioner</u>, <u>supra</u>.  Nevertheless,

petitioners' operations at the Lake Arrowhead property during each year in issue constitute an activity that is treated as a trade or business under section 469(c)(6).  Consequently, petitioners' operations at the Lake Arrowhead property will constitute a passive activity under section 469(c)(1) unless petitioners establish that they materially participated in that activity during the taxable years in issue.  Petitioners argue in the alternative that the activities related to the Lake Arrowhead property were not a passive activity under section 469(c)(1) because petitioners met the material participation requirements.

Material participation is defined as involvement in the operations of the activity that is regular, continuous, and substantial.  Sec. 469(h)(1).  As explained in section 1.469-5T(a), Temporary Income Tax Regs., 53 Fed. Reg. 5696 (Feb. 25, 1988), a taxpayer can satisfy the material participation requirement if the individual meets any one of the seven regulatory tests:

> (1) The individual participates in the activity for more than 500 hours during such year;
>
> (2) The individual's participation in the activity for the taxable year constitutes substantially all of the participation in such activity of all individuals (including individuals who are not owners of interests in the activity) for such year;
>
> (3) The individual participates in the activity for more than 100 hours during the taxable year, and such individual's participation in the activity for the taxable year is not less than the participation in the activity of any other individual (including individuals

who are not owners of interests in the activity) for such year;

(4) The activity is a significant participation activity * * * for the taxable year, and the individual's aggregate participation in all significant participation activities during the year exceeds 500 hours;

(5) The individual materially participated in the activity * * * for any five taxable years (whether or not consecutive) during the ten taxable years that immediately precede the taxable year;

(6) The activity is a personal service activity * * *, and the individual materially participated in the activity for any three tax years (whether or not consecutive) preceding the taxable year; or

(7) Based on all facts and circumstances * * *, the individual participates in the activity on a regular, continuous, and substantial basis during such year.

"Participation" generally means "all work done in an activity by an individual who owns an interest in the activity". Sec. 1.469-5T(f), Temporary Income Tax Regs., 53 Fed. Reg. 5697 (Feb. 25, 1988). Work done by an individual in the individual's capacity as an investor in an activity is not generally treated as participation in the activity. Sec. 1.469-5T(f)(2)(ii)(A), Temporary Income Tax Regs., supra. Additionally, work done by the individual is not treated as participation in the activity if such work is not of a type that is customarily done by an owner of such activity and one of the principal purposes for performing such work is to avoid the passive activity limitations of section 469. Sec. 1.469-5T(f)(2)(i), Temporary Income Tax Regs., supra.

In determining whether a taxpayer materially participates, the participation of the spouse of the taxpayer shall be taken into account. Sec. 469(h)(5). Petitioners' reply brief argues that they both spent time in the activity in issue; however, Bruce Bailey did not testify or even appear at trial. Petitioners' assertion that Bruce Bailey spent time in the activity appears to be an afterthought; such participation is not mentioned in the testimony of petitioner, who described only her own actions. Thus, we are unable to take into account the hours, if any, spent by Bruce Bailey in the operation of the Lake Arrowhead property.

Petitioners contend that they meet several of the material participation tests under section 1.469-5T(a), Temporary Income Tax Regs., 53 Fed. Reg. 5696 (Feb. 25, 1988). Petitioner's summary report estimated that she spent 197.5 hours and 214 hours in 1996 and 1997, respectively, on activities related to the Lake Arrowhead property. Petitioner's calendars indicated the number of visits made to the Lake Arrowhead property in 1996 and 1997, but those calendars do not quantify the number of hours that petitioner spent on activities related to the Lake Arrowhead property. For the reasons stated previously, we do not accept petitioner's summary reports that estimated the hours spent on activities related to the Lake Arrowhead property. See Carlstedt

v. Commissioner, T.C. Memo. 1997-331; Speer v. Commissioner, T.C. Memo. 1996-323; Goshorn v. Commissioner, T.C. Memo. 1993-578.

Even if such hours were accurate, petitioners would not meet any of the material participation tests. Petitioners have not spent more than 500 hours in the activity. Petitioner's commission agreement with Mountain Country to manage the rental of the Lake Arrowhead property would preclude petitioners' activities from being substantially all of the participation in the activity. Petitioners have not presented evidence to establish that the participation by Mountain Country did not exceed petitioners' participation. Petitioners have not presented evidence of their material participation in the Lake Arrowhead property for 5 of the prior 10 years.

Petitioners also fail the facts and circumstances test based on petitioner's commission agreement with Mountain Country to operate the rental of their Lake Arrowhead property. The realty company found tenants, showed the property, collected rents, and paid for repairs. See Barniskis v. Commissioner, T.C. Memo. 1999-258 (taxpayers did not materially participate where taxpayers utilized a management company to handle the rental of their resort condominium); Chapin v. Commissioner, T.C. Memo. 1996-56 (taxpayers' participation did not constitute participation on a regular, continuous, and substantial basis where taxpayers used a rental agent to handle all leasing

arrangements, cleaning between tenants, and routine repairs and maintenance).

We conclude that petitioners did not materially participate in the operation of the Lake Arrowhead property during 1996 and 1997, and, accordingly, petitioners' trade or business relating to the Lake Arrowhead property is a passive activity under section 469(c)(1). The losses incurred with respect to the Lake Arrowhead property are subject to the passive loss limitations imposed by section 469 and are disallowed in 1996 and 1997.

<u>Notice of Deficiency</u>

Petitioners argue in their reply brief that the notice of deficiency failed to set forth the reasons for respondent's determinations with sufficient specificity to satisfy the requirements of section 7522. Section 7522(a) requires that a notice of deficiency "describe the basis" for the tax deficiency. However, an "inadequate description under the preceding sentence shall not invalidate such notice." Sec. 7522(a).

Here, the notice of deficiency listed "Rental loss" as an adjustment and disallowed the entire amount of the rental losses claimed by petitioners in 1996 and 1997. The notice of deficiency sufficiently apprised petitioners of the basis for respondent's deficiency determination. At trial and in respondent's briefs, respondent provided a consistent explanation for the disallowance of the rental losses. Respondent has taken

no position that would require petitioners to present evidence different from that necessary to resolve the determinations that were described in the notice of deficiency, so as to justify placing the burden of proof on respondent. See <u>Shea v. Commissioner</u>, 112 T.C. 183 (1999).

We have considered all of the remaining arguments that have been made by petitioners for a result contrary to that expressed herein, and, to the extent not discussed above, they are without merit.

To reflect the foregoing and concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155.</u>