T.C. Summary Opinion 2017-14

UNITED STATES TAX COURT

JOHN EDWARD RAPP AND CAMMIE A. RAPP, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12411-14S.                    Filed March 13, 2017.

John Edward Rapp and Cammie A. Rapp, pro se.

<u>Mistala M. Cullen</u> and <u>Clint T. Hale</u>, for respondent.

SUMMARY OPINION

LEYDEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated March 3, 2014, respondent determined deficiencies in petitioners' Federal income tax of $7,815 and $10,405 for 2009 and 2010, respectively.  After concessions,[2] the sole issue for decision is whether petitioners are entitled to deduct rental real estate losses for 2009 and 2010.  The resolution of that issue depends on whether for 2009 and 2010 petitioner John Edward Rapp[3] was a real estate professional or, in the alternative, petitioners' modified adjusted gross income was less than $150,000.  The Court concludes Mr.

---

[1]All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]Petitioners conceded that they received $77 of interest income in 2010. The other adjustments in the notice of deficiency to itemized deductions, the sec. 36A making work pay credit, and the child tax credit for 2009 and 2010 are computational.  The adjustments will be resolved by the Court's resolution of the sole issue for 2009 and 2010 and will not be discussed further.

[3]During 2009 and 2010 petitioner Cammie A. Rapp was president and chief executive officer of a nonprofit organization.  She was not a licensed real estate salesperson or broker during 2009 or 2010.  Mrs. Rapp did not participate in the rental real estate activities for the rental properties she and her husband owned. Mrs. Rapp appeared at trial, but she did not testify.

Rapp was not a real estate professional for either 2009 or 2010 and petitioners' modified adjusted gross income exceeded $150,000 for both 2009 and 2010.

## Background

Some of the facts are stipulated and are so found. The first stipulation of facts, the first supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference. Petitioners resided in California when they timely filed their petition.

I.    Mr. Rapp's Employment During 2009 and 2010

During 2009 and 2010 Mr. Rapp was a full-time employee of two companies.[4] From 2009 and until mid-April 2010 Mr. Rapp was employed by KZ Devco, LLC (KZ Devco), a development service company that developed retail commercial real estate. According to the testimony of one of its members, KZ Devco provided a platform for other real estate people to be involved in developing commercial real estate.

---

[4]The parties stipulated that Mr. Rapp was licensed as a real estate salesperson by the State of Florida during 2000 and 2001. The parties also stipulated that Mr. Rapp "is licensed as a salesperson by the State of California Bureau of Real Estate." The present tense verb indicates that at the time of trial Mr. Rapp was licensed as a salesperson in the State of California and does not indicate whether he was licensed during 2009 and 2010, the years at issue.

As a full-time employee of KZ Devco, Mr. Rapp earned wages of $155,000 and $60,766 in 2009 and 2010, respectively. While at KZ Devco Mr. Rapp worked to cultivate the development of retail commercial real estate for KZ Devco's clients, mostly for one of its major clients, a retail pharmacy company.

During the years at issue Mr. Rapp did not own any membership interests in KZ Devco, nor did he own 5% or more of KZ Devco's capital or profits. Instead, the owners of KZ Devco offered Mr. Rapp the opportunity to own equity interests in projects he developed. According to the testimony of one of the owners of KZ Devco, the company agreed that if Mr. Rapp developed a project, KZ Devco would create a special-purpose entity in which he would receive an equity interest. However, during 2009 and 2010 Mr. Rapp did not develop any projects, and he did not own any interest in any special-purpose entity created by KZ Devco.

Mr. Rapp was also employed as a retail sales manager by United El Segundo, then doing business as United Oil Co. (United), from April 12, 2010, to July 18, 2011. As an employee of United Mr. Rapp earned wages of $114,961 in 2010. Of that amount, $25,000 was an employee bonus for his efforts in selling a business owned by United and negotiating a ground lease. During 2010 Mr. Rapp did not own ownership interests in United, nor did he own 5% or more of United's capital or profits.

II.    Petitioners' 2009 and 2010 Tax Returns

Petitioners timely filed their joint Federal individual income tax returns for 2009 (2009 tax return) and 2010 (2010 tax return).  Petitioners' 2009 and 2010 tax returns were prepared by an enrolled agent.

Petitioners filed Schedules E, Supplemental Income and Loss, with their 2009 and 2010 tax returns reporting gross rental income and expenses for the following six rental real estate properties:

| Address on return | City | State |
|---|---|---|
| 36 Cordova | San Francisco | Cal. |
| 5548 Cajon | Buena Park | Cal. |
| 2535 S. 114th | Avondale | Ariz. |
| 9445 Jamestown Rd. | Phoenix | Ariz. |
| 8460 W. Forest Grove | Tolleson | Ariz. |
| 1599 SO 220th Ln. | Buckeye | Ariz. |

For 2009 and 2010 petitioners reported net profits for the Buena Park, California, rental property and reported net losses for the five other rental properties.  Petitioners did not report any other income from rental real estate or property management for 2009 or 2010.  Petitioners claimed rental real estate loss deductions of $26,742 and $36,456 for 2009 and 2010, respectively.

After examining petitioners' 2009 tax return[5] and 2010 tax return respondent issued petitioners a notice of deficiency on March 3, 2014, for both years disallowing their claimed Schedule E rental real estate loss deductions and making several computational adjustments. See supra note 2.

## Discussion

I.    Burden of Proof

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving it incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Morever, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Under section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer produces credible evidence with respect to any relevant factual issue and meets other requirements. Petitioners have not argued that section 7491(a) applies

_____

[5]Petitioners signed two Forms 872, Consent to Extend the Time to Assess Tax, for 2009. The first form, signed on October 14, 2012, extended the time to assess tax to December 31, 2013. The second form, signed on July 19, 2013, further extended the time to assess tax to June 30, 2014.

nor established that its requirements are met. The burden of proof remains with petitioners.

II.     Whether Mr. Rapp's Rental Real Estate Activities Were Passive Activities

Sections 162(a) and 212(1) generally permit a taxpayer to deduct ordinary and necessary expenses paid or incurred in carrying on a trade or business or for the production of income. In the case of an individual, section 469 generally disallows any current deduction for a passive activity loss. Sec. 469(a)(1)(A), (2)(A). A passive activity loss is equal to the aggregate losses from all passive activities for a taxable year over the aggregate income from all passive activities for that year. Sec. 469(d)(1).[6]

Generally, a passive activity is any trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1). Rental activity is generally treated as per se passive regardless of whether the taxpayer materially participates. See sec. 469(c)(2), (4). However, a taxpayer may deduct rental real estate losses if the

---

[6]The effect of the passive activity loss disallowance rule is that deductions related to passive activities are allowed against income from passive activities and the excess (i.e., the amount by which the deductions related to the passive activities exceed the income from passive activities) cannot be deducted from income from activities other than passive activities. See Krukowski v. Commissioner, 279 F.3d 547, 549 (7th Cir. 2002), aff'g 114 T.C. 366 (2000).

taxpayer meets the requirements for the exceptions provided under section 469(c)(7) or (i).  The Court addresses each exception below.

      A.     <u>Mr. Rapp Did Not Meet the Definition of a Real Estate Professional Under Section 469(c)(7)</u>.

Whether the rental real estate loss deductions petitioners claimed for 2009 and 2010 are deductible without limitation under the passive activity loss rules depends on whether Mr. Rapp met the definition of a real estate professional under section 469(c)(7)(B) for the years at issue.  The Court concludes Mr. Rapp did not meet the definition of a real estate professional under that section for 2009 or 2010.

Rental real estate activity is per se passive unless the taxpayer is a real estate professional as defined in section 469(c)(7)(B).  Sec. 469(c)(2).  If a taxpayer meets that definition the section 469(c)(2) disallowance does not apply and the taxpayer's rental real estate activity, if conducted as a trade or business or for the production of income, is not treated as a passive activity if the taxpayer materially participates in the activity.  Sec. 469(c)(1), (7)(A); <u>Fowler v. Commissioner</u>, T.C. Memo. 2002-223, 2002 Tax Ct. Memo LEXIS 230, at *10-*11; sec. 1.469-9(e), Income Tax Regs.

The Court concludes Mr. Rapp was not a real estate professional for either 2009 or 2010 because he did not meet the time requirements of section 469(c)(7)(B). Therefore the Court does not need to address the definition of "material participation" set forth in section 469(h).

To qualify as a real estate professional a taxpayer must own at least one interest[7] in rental real estate and meet both tests under section 469(c)(7)(B). The first test requires that "more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates". Sec. 469(c)(7)(B)(i). The second test requires that the taxpayer perform more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates. Sec. 469(c)(7)(B)(ii). Failure to satisfy either test means that Mr. Rapp was not a real estate professional and that the losses from petitioners' rental real estate activities are not deductible under the section 469(c)(7)(A)(i) exception to the passive activity loss limitations.

---

[7]Respondent contends that petitioners did not make an election to treat all of their rental real estate interests as one activity. See sec. 469(c)(7)(A)(ii) (flush language). The Court does not address this contention, having found, as discussed infra pp. 11-13, that petitioners failed to show that Mr. Rapp spent more than 750 hours on any or all of the rental real estate activities.

On the basis of the record the Court concludes Mr. Rapp's rental real estate activities constituted real property trades or businesses for 2009 and 2010. See sec. 469(c)(7)(C). However, petitioners have failed to prove how much time Mr. Rapp spent on his rental real estate activities.

A taxpayer may use any reasonable means to establish his hours of participation. Sec. 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988). "Contemporaneous daily time reports, logs, or similar documents are not required if the extent of such participation may be established by other reasonable means." Id. Reasonable means "may include but are not limited to the identification of services performed over a period of time and the approximate number of hours spent performing such services during such period, based on appointment books, calendars, or narrative summaries." Id. The Court has held that the regulations "concerning the records to be maintained by taxpayers * * * by no means allow a postevent 'ballpark guesstimate'". Carlstedt v. Commissioner, T.C. Memo. 1997-331, 1997 Tax Ct. Memo LEXIS 390, at *24 (citing Speer v. Commissioner, T.C. Memo. 1996-323). A taxpayer's uncorroborated testimony need not be relied upon. Bailey v. Commissioner, T.C. Memo. 2001-296, 2001 Tax Ct. Memo LEXIS 332, at *16. The Court is not required to accept unverified testimony of taxpayers in the absence of adequate

documentation.  See, e.g., Lum v. Commissioner, T.C. Memo. 2012-103, 2012 Tax Ct. Memo LEXIS 102, at *9; Estate of Stangeland v. Commissioner, T.C. Memo. 2010-185, 2010 Tax Ct. Memo LEXIS 221, at *35.

In the petition, petitioners assert Mr. Rapp dedicated an excess of 750 hours per year to real estate activities.  Mr. Rapp testified that he was the property manager for five of petitioners' rental real estate properties.  Other than petitioners' assertion and Mr. Rapp's testimony, petitioners did not provide any evidence showing how much time Mr. Rapp spent on the rental real estate activities during the years at issue.  Mr. Rapp testified that he was unaware of the tax laws in 2009 and 2010 that required him to document the time spent on his real estate activities.  Ignorance of his responsibility to keep records of his real estate activities does not relieve Mr. Rapp of the requirement to do so.  See Lakhani v. Commissioner, 142 T.C. 151, 165 (2014).

Furthermore, although Mr. Rapp asserts that he "did possess some employment in 2009 and 2010", the record shows that he was a full-time employee during both 2009 and 2010.  In fact, one of Mr. Rapp's employers testified that Mr. Rapp worked long nights and weekends as an employee during the years at issue.  The Court concludes Mr. Rapp did not spend anywhere near 750 hours with respect to petitioners' rental real estate activities during 2009 or 2010.

Mr. Rapp also argues that the revenue generated from the rental real estate activities was higher than his wages for both of the years at issue, thereby qualifying him as a real estate professional. The real estate professional test under section 469(c)(7)(B)(ii) is measured by hours, not revenue. Even so, Mr. Rapp's argument is contrary to the evidence in the record. For 2009 Mr. Rapp reported wages of $155,000, and petitioners reported gross rents from their rental real estate of $73,745. For 2010 Mr. Rapp reported wages of $175,727, and petitioners reported gross rents from their rental real estate of $63,160.

Petitioners assert that Mr. Rapp's time spent as an employee of KZ Devco should be considered in calculating the 750-hour requirement. In computing the number of hours a taxpayer performs services in real property trades or business, generally personal services performed by an employee shall not be treated as performed in real estate trades or businesses. Sec. 469(c)(7)(D)(ii). However, if the employee is a 5% owner of the employer (as defined in section 416(i)(1)(B)(i)), then the employee's personal services may be treated as performed in the real estate trade or business of the employer. Id.

If the employer is a corporation, then the employee is a 5% owner if he owns "more than 5 percent of the outstanding stock of the corporation or stock possessing more than 5 percent of the total combined voting power of all stock of

the corporation". Sec. 416(i)(1)(B)(i)(I). If the employer is not a corporation, then the employee is a 5% owner if he owns "more than 5 percent of the capital or profits interest in the employer." Sec. 416(i)(1)(B)(i)(II).

During 2009 and 2010 Mr. Rapp was employed by KZ Devco and United. KZ Devco was a limited liability company for 2009 and 2010. The record does not indicate whether United was a corporation. Regardless, Mr. Rapp did not own any stock or capital or profits in either employer. Therefore the personal services Mr. Rapp performed as an employee for either employer are not considered for purposes of the 750-hour requirement.

Petitioners have not met their burden of proving that in 2009 or 2010 Mr. Rapp spent more than 750 hours performing services connected with petitioners' rental real estate activities. Accordingly, petitioners may not deduct the rental real estate losses claimed on their 2009 and 2010 tax returns under the real estate professional exception provided under section 469(c)(7)(A)(i).

B.  Petitioners' Rental Real Estate Business Does Not Qualify Them for the Relief Provided Under Section 469(i).

Section 469(i) provides a second exception to the general rule that losses from rental real estate activities are limited under the passive activity rules of section 469(a). Under section 469(i) a taxpayer who actively participates in rental

real estate activities may deduct up to $25,000 per year for related passive activity losses. Sec. 469(i)(1) and (2). A taxpayer may satisfy the active participation requirement by participating in management decisions, such as approving new tenants, deciding rental terms, and arranging for services and repairs. Madler v. Commissioner, T.C. Memo. 1998-112, 1998 Tax Ct. Memo LEXIS 111, at *12. The Court concludes petitioners do not qualify for the exception provided under section 469(i) for either 2009 or 2010.

The $25,000 deduction amount begins to phase out when the taxpayer's adjusted gross income (AGI), determined without regard to any passive activity loss (modified AGI), exceeds $100,000 and is phased out entirely when the taxpayer's AGI reaches $150,000. Sec. 469(i)(3).

The Court does not need to determine whether Mr. Rapp actively participated in petitioners' rental real estate activities because petitioners' modified AGI exceeded the $150,000 ceiling under section 469(i)(3) for both of the years at issue. For 2009 petitioners' reported AGI was $138,927. The amount of disallowed passive activity loss for that year is $26,742. Therefore petitioners' modified AGI for 2009, for purposes of the exception under section 469(i), was $165,669. For 2010 petitioners' reported AGI was $143,782. The amount of disallowed passive activity loss for that year is $36,456. Therefore petitioners'

modified AGI for 2010, for purposes of the exception under section 469(i), was $180,238. For both 2009 and 2010 petitioners' modified AGI exceeded the ceiling for the phaseout under section 469(i). The Court concludes petitioners do not qualify for the exception under section 469(i) for 2009 or 2010.

The Court has considered the parties' arguments and, to the extent not discussed herein, the Court concludes the arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.